UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 06-61507-CIV-HUCK/SIMONTON

DENNIS C. WARD,

    Plaintiff,
vs.

CYBERGUARD CORPORATION,

    Defendant.
_____/

## ORDER DENYING DEFENDANT CYBERGUARD CORPORATION'S MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendant Cyberguard Corporation's Motion to Dismiss. For the reasons set forth below, the Motion to Dismiss is DENIED.

Background

Plaintiff Dennis C. Ward ("Ward") has brought a claim against Cyberguard Corporation ("Cyberguard") for age discrimination, in violation of the Florida Civil Rights Act ("FCRA"), § 760.10 of the Florida Statutes. The lawsuit was initially filed in state court, but timely removed to this Court based on diversity jurisdiction.

Prior to filing this lawsuit, on February 8, 2005 Ward filed a Charge of Discrmination with the Florida Commission on Human Relations ("FCHR") as required by § 760.11 of the Florida Statutes. On July 25, 2005, Ward received a copy of Cyberguard's Position Statement, dated July 22, 2005, which had been filed with FCHR. The FCHR investigator handling the case informed Ward that his response to the position statement was due no later than August 8, 2005 because she was required by enter a determination no later than August 9, 2005, the last day of the 180-day investigation period contemplated by § 760.11(3) of the Florida Statutes. On August 8, 2005 Ward filed with FCHR his response to Cyberguard's Position Statement. On August 10,

2005 Ward received a copy of FCHR's No Cause Determination, dated August 8, 2005. The FCHR investigator's memorandum, upon which the determination was based, was dated August 2, 2005.

Ward then filed with the FCHR a Motion to Withdraw No Cause Determination and a Petition for Relief with the Florida Division of Administrative Hearings ("DOAH"). On November 3, 2005 FCHR issued a Rescission of Determination: No Cause; Rescission of Notice of Determination: No Cause (the "Rescission Notice"). The Rescission Notice explained that the FCHR had rescinded its previous determination because Ward "was deprived of the opportunity to have its case fully investigated and determined by the Commission." Following the Rescission Notice, on November 7, 2005 Ward voluntarily dismissed his Petition for Relief, which was pending with DOAH.

On October 21, 2005 Ward filed suit in Massachusetts state court against Cyberguard under the Massachusetts Wage Act for recovery of unpaid wages. The suit was removed to the United States District Court of Massachusetts on diversity grounds.

In early December 2005 the FCHR investigator requested that Cyberguard provide additional information and documents regarding Ward's age claim. On December 16, 2005 Cyberguard sent a letter to FCHR arguing that the FCHR had no legal authority to rescind its previous no cause determination. On January 30, 2006 the FCHR issued a Determination: Adverse Inference Cause, finding that Cyberguard had "failed to provide information within its control to the Commission." Based on the FCHR's determination, Ward filed this action.

Cyberguard has filed the instant Motion to Dismiss the Complaint on two grounds: (1) that Plaintiff failed to exhaust his administrative remedies by voluntarily dismissing his administrative proceeding, and (2) that Plaintiff has improperly split his cause of action across jurisdictions.

Discussion

Cyberguard argues that Ward failed to exhaust his administrative remedies because he voluntarily dismissed his Petition for Review pending with the DOAH based on the FCHR's Rescission Notice. According to Cyberguard the Rescission Notice was an *ultra vires* act because it is not contemplated by the applicable statutory scheme. Ward responds that he should be permitted to proceed with the instant lawsuit because (1) the FCRA should be liberally construed; (2) the FCHR retains jurisdiction to rescind a determination after it has been issued; and (3) because under the principles of equitable estoppel and due process, Ward's suit should not be dismissed.

As a prerequisite to bringing a civil action based on a violation of the FCRA a plaintiff must file a complaint with the FCHR within 365 days of the alleged violation. Fla. Stat. § 760.11(1). The FCRA provides that:

> Within 180 days of the filing of the complaint, the commission shall determine if there is reasonable cause to believe that discriminatory practice has occurred in violation of the Florida Civil Rights Act of 1992. When the commission determines whether or not there is reasonable cause, the commission by registered mail shall promptly notify the aggrieved person and the respondent of the reasonable cause determination, the date of such determination, and the options available under this section.

Fla. Stat. § 760.11(3).

If the FCHR makes a "reasonable cause" determination, a claimant may bring a civil action or request an administrative hearing. Fla. Stat. § 760.11(4). If the FCHR makes a no cause determination, a claimant may request an administrative hearing within 35 days of the determination. Fla. Stat. § 760.11(7).

Cyberguard argues that the plain text of the statute mandates that the FCHR adhere to the 180-day time period for the issuance of a determination. Since the statutory scheme does not provide any authority for the rescission of such a determination, the FCHR's Rescission Notice

in this case was an *ultra vires* act.  Cyberguard cites to two DOAH decisions in support of its argument: *Clardy v. Dept. of Corrections,* 2004 Fla. Div. Adm. Hear. LEXIS 1932 (Case No. 04-1020 May 6, 2004) and *McShane v. Brevard County Sheriff's Office*, 2002 Fla. Div. Adm. Hear. LEXIS 239 (Case No. 01-4449 Feb. 15, 2002).

Neither decision directly addresses the issue presented here, nor does either decision support Cyberguard's position.  In *Clardy* the judge dismissed a Petition for Relief filed by a petitioner upon finding that the applicable administrative rules required that a petition be filed - as opposed to served - within 35 days of the date a determination was issued by the FCHR.  The judge held that since the petition at issue had not actually been filed until after the 35-day deadline, the FCHR did not have the authority to disregard the clear language of the rule and accept the late-filed petition.  Therefore, in *Clardy*, unlike here, there was a clear violation of the administrative rule by the petitioner because the petition, although mailed within the 35-day period, was not filed until after the 35-day period had expired.

 In *McShane* the judge determined that the DOAH did not have jurisdiction over a claim where the FCHR had issued a determination of no jurisdiction because the statutes provided that the DOAH's jurisdiction could only be invoked pursuant to a cause or no cause determination by the FCHR. The judge in that case determined that neither the FCHR nor the DOAH could confer subject matter jurisdiction over the claim where the statutes provided that there were only two specific conditions under which the DOAH had jurisdiction and those conditions were not present.

In this case, there is nothing in the statutory scheme that provides for a procedure whereby the FCHR may rescind a determination.  However,  there is also no authority - so far as this Court is aware - that directly prohibits such action by the FCHR.  The notion that Ward may now be precluded from pursuing his age discrimination claim because he relied on the FCHR's

4

Rescission Notice is unacceptable.  It was based on the Rescission Notice that Ward withdrew his application with the DOAH, and it was based on that Notice that Ward filed a complaint with this Court.  At the very least, the principle of equitable estoppel protects Ward from dismissal. *See Alachua County v. Cheshire*, 603 So.2d 1334 (Fla. 1st DCA 1992) (plaintiff's foreclosure action  not barred where plaintiff had relied on representations by government officials in forbearing suit within the applicable statute of limitations).  Therefore, the Court finds that Ward has exhausted his administrative remedies and can pursue his claim with this Court.

Cyberguard also argues that Ward's claim should be dismissed because he has impermissibly split causes of action by filing a claim in Florida and a claim in Massachusetts.  Ward's Massachusetts claim seeks to recover unpaid wages in the form of commissions under the Massachusetts Wage Act.  Ward's Florida claim is for age discrimination and is filed under the FCRA.  The Court has reviewed Ward's Massachusetts complaint and finds that the issues in that case are entirely distinguishable from the issues present in this case.  While the same parties are involved in both cases and while there may be some overlap of witnesses and documents, the two causes of action are different and Ward is entitled to maintain his claim in Florida.

Conclusion

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss is DENIED.

DONE and ORDERED in Chambers at Miami, Florida this 18th day of January, 2007.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
All Counsel of Record